# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW MEXICO

In re:   JACK BEHREND BATES and                                              No. 7-07-11966 ML
         CHARLINE MOLLIE BATES,

         Debtors.

## ORDER GRANTING MOTION TO EXTEND DEADLINE TO FILE COMPLAINT TO DETERMINE DISCHARGEABILITY OF CERTAIN DEBTS

THIS MATTER is before the Court on the Motion to Extend Deadline to File Complaint to Determine Dischargeability of Certain Debts ("Motion") filed by Creditor Dr. Jeurgen Mueller, by and through his attorneys of record, Scott & Kienzle, P.A. (Paul M. Kienzle III). The Motion requests a sixty-day extension of the deadline for filing a complaint objecting to the dischargeability of a particular debt under 11 U.S.C. § 523, until January 28, 2008. The Court held a final hearing on the Motion on January 10, 2008 and took the matter under advisement.

Upon review of the Motion and the objection filed thereto, and based upon the representations of counsel for Dr. Mueller at the final hearing regarding what actions he undertook to investigate the potential causes of action, the Court finds that the Motion should be granted and will extend the deadline for filing a complaint objecting to the dischargeability of a particular debt through Friday, January 18, 2008.

Rule 4007(c), Fed.R.Bankr.P. governs the process for obtaining an extension of the time for filing a complaint to determine the dischargeability of a particular debt in connection with Chapter 7 bankruptcy cases. It provides:

> Except as provided in subdivision (d), a complaint to determine the dischargeability of a debt under § 523(c) shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a). The court shall give all creditors no less than 30 days' notice of the time so fixed in the manner provided in Rule 2002. On motion of a party in interest, after hearing on notice, the court may for cause extend the time fixed

1

under this subdivision.  The motion shall be filed before the time has expired.

Rule 4007(c), Fed.R.Bankr.P.

To obtain an extension of time under Rule 4007(c), the creditor must timely file a request for extension and show sufficient "cause" to extend the deadline. *See In re Stonham,* 317 B.R. 544, 547 (Bankr.D.Colo. 2004) (noting that the two requirements for obtaining an extension of time under Rule 4007(c) are that the request must be made before the expiration of the deadline and that the deadline may be extended for "cause").  In this bankruptcy case, the date first set for the meeting of creditors under 11 U.S.C. § 341 was September 25, 2007, and the deadline for filing complaints to determine the dischargeability of a particular debt was November 26, 2007.  The Motion was filed on November 26, 2007, and was, therefore, timely filed.  *See In re Woods,* 260 B.R. 41, 44 (Bankr.N.D.Fla. 2001) (denying request for extension of time, but acknowledging that motion for extension of time filed on "the last possible day under the Rule", the bar date for filing a dischargeability complaint, was timely filed).

"Cause" for extension of the deadline is not defined, and is, therefore, left to the Court's discretion, but "[m]any courts now require the creditor to establish at least a reasonable degree of due diligence to be accorded the requested extension." *Stonham,* 317 B.R. at 547 (citing *In re Nowinski,* 291 B.R. 302, 306 (Bankr.S.D.N.Y. 2003) and *In re Desiderio,* 209 B.R. 342, 345 (Bankr.E.D.Pa. 1997)).  Counsel for Dr. Mueller represented to the Court that he has taken steps since the creditor's meeting to investigate possible causes of action for non-dischargeability of a particular debt including requesting and obtaining documentation from the Debtors' banking institution, and that he is now prepared to file a complaint objecting to the dischargeability of a particular debt under 11 U.S.C. § 523.   Based on this representation, the Court finds that Dr.

2

Mueller has exercised a reasonable degree of due diligence in investigating his potential claim, and that, therefore, sufficient cause exists to extend the deadline for filing such a complaint in accordance with Rule 4007(c). But because a significant period of time (nearly sixty days) has elapsed since the original deadline for filing complaints to determine the dischargeability of a particular debt, the Court will only extend the deadline for one week from the date of entry of this Order.

WHEREFORE, IT IS HEREBY ORDERED that the Motion to extend is GRANTED to extend the deadline for filing a complaint to determine the dischargeability of a particular debt through January 18, 2008.

/s/ Mark B. McFeeley
MARK B. McFEELEY
United States Bankruptcy Judge

COPY TO:

R Trey Arvizu, III
Attorney for Debtors
PO Box 1479
Las Cruces, NM 88004-1479

Paul M Kienzle, III
Attorney for Dr. Mueller
PO Box 587
Albuquerque, NM 87103-0587