**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO**

In re: JACK BEHREND BATES and                                No. 7-07-11966 ML
       CHARLINE MOLLIE BATES,

   Debtors.

## ORDER GRANTING MOTION FOR EXTENSION OF TIME TO FILE A § 727 COMPLAINT OBJECTING TO DISCHARGE

THIS MATTER is before the Court on the Motion for Extension of Time to File a § 727 Complaint Objecting to Discharge ("Motion"), filed by the United State Trustee. The Court held a final hearing on the Motion on January 10, 2008 and took the matter under advisement. After consideration of the Motion, the objection thereto, and the arguments of counsel at the final hearing, the Court reluctantly concludes that the Motion should be granted and the deadline for fling a complaint objecting to discharge extended through Friday, January 18, 2008.

Rule 4004(b), Fed.R.Civ.P. establishes the procedure for obtaining an extension of the time to file a complaint objecting to the debtor's discharge under 11 U.S.C. § 727. It provides:

> On motion of any party in interest, after hearing on notice, the court may for cause extend the time to file a complaint objecting to discharge. The motion shall be filed before the time has expired.

Rule 4004(b), Fed.R.Civ.P.

Thus in order to obtain an extension of the deadline for filing a complaint objecting to discharge, the moving party must timely file a request and demonstrate sufficient cause. The deadline for filing complaints objecting to discharge in this bankruptcy case was November 26, 2007. The United States Trustee filed the Motion on the last day for timely filing a complaint objecting to discharge, which is the last possible date to timely request an extension of the deadline. Rule

1

4004(b), Fed.R.Bankr.P.; *In re Grillo,* 212 B.R. 744, 746 (Bankr.E.D.N.Y. 1997) (motion for extension of time filed on last day of the sixty-day period to object to the debtor's discharge "was, at least technically, timely made."). The Court must next determine whether sufficient "cause" has been shown to extend the deadline.

The Motion recites that it has come to the attention of the United States Trustee that the Debtors may have made transfers of estate assets prior to the filing of their bankruptcy petition and that such transfers were not disclosed on the Debtors' statements and schedules, that the case trustee has been investigating these and other pre-petition transfers and may be scheduling a Rule 2004 exam which the United States Trustee would like to attend. (Motion, ¶ 2). At the final hearing on the Motion, the United States Trustee acknowledged that to date the United States Trustee has not scheduled or sought to schedule a Rule 2004 exam of the Debtors. Between the time that the case trustee informed the United States Trustee that there may be undisclosed assets and pre-petition transfers of estate assets and the time the United States Trustee filed its Motion requesting an extension of the deadline for filing a complaint objecting to discharge, the United States Trustee obtained copies of certain bank account records and certain deeds for some of the transfers.

Based on these representations, the Court reluctantly finds that the United States Trustee has shown that it has taken some affirmative action to investigate a possible cause of action for denial of the Debtors' discharge sufficient to demonstrate cause to extend the deadline for a short period. For although "'[c]ause' is narrowly construed to promote the prompt resolution of the case and the implementation of the debtor's 'fresh start[,]'" *In re Nowinski,* 291 B.R. 302, 305 (Bankr.S.D.N.Y. 2003)(citations omitted), so will the Court exercise its discretion in extending

2

the deadlines when the interests of justice will be served. *See Matter of Amezaga,* 192 B.R. 37, 41 (Bankr.D.P.R.1996) ("[L]iberality in granting the extensions balances the strict compliance of deadlines mandated by Rule 4004(c ) and fosters rudimentary fair play and clean hands notions, thereby preventing debtors from playing 'fast and loose with their assets or with the reality of their affairs.'")(quoting *In re Tully*, 818 F.2d 106, 110 (1st Cir.1987)).

    WHEREFORE, IT IS HEREBY ORDERED that the Motion is GRANTED to extend the deadline for filing a complaint objecting to discharge under 11 U.S.C. § 727 through Friday, January 18, 2008.

                                                      /s/ Mark B. McFeeley
                                                      MARK B. McFEELEY
                                                      United States Bankruptcy Judge

COPY TO:

R Trey Arvizu, III, Esq.
Attorney for Debtors
PO Box 1479
Las Cruces, NM 88004-1479

Office of the United States Trustee
Leonard Martinez-Metzgar, Esq.
PO Box 608
Albuquerque, NM 87103